UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

   Plaintiff,

vs.

L. PAUL BAILEY, *et al.*,

   Defendants.
_____/

Case No. 1:08-cv-996

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

   Plaintiff has filed a § 1983 civil rights action against defendants. In his complaint, plaintiff alleged that he was assaulted by other inmates while at the Berrien County Jail in March and June 2008. He has named the Berrien County Sheriff, three jail officers and Berrien County as defendants in this action. Plaintiff is currently a prisoner of the Michigan Department of Corrections, and is housed at the Alger Maximum Correctional Facility. This matter is now before the court on plaintiff's motion for preliminary injunction (docket no. 25) and a "request to restrain prison employee from reading incoming mail" (docket no. 47). Defendants have not responded to either motion.

   **I.**  **Legal Standard**

   "The general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits." *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976). In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the

preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the movant bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than

are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

## II. Plaintiff's correspondence with psychiatrist (docket no. 25)

In his motion for preliminary injunction, plaintiff alleged that Berrien County deputies have blocked access to "Berrien County psychiatrist Lynn Leggett" since February 29, 2009, because he was sending inappropriate communications to the psychiatrist. *See* docket no. 25. Plaintiff seeks to have this court restrain the deputies from interfering with what he describes as constitutionally protected conduct of corresponding with his psychiatrist. *Id.* In his "Declaration," plaintiff states that the communications he submits to the psychiatrist "on a daily basis" is used as therapy "to deal with the murder of my ex-fiancee, my weakened mental process of being confined in a prison cell for 24 hours a day with limited contact with human beings, my behavioral disturbances, and schizophrenia." *See* docket no. 26. Plaintiff states that this "treatment" with the psychiatrist is necessary to prevent him from relapsing, having thoughts about hurting himself in the future, and his "future competence." *Id.*

Plaintiff's motion fails because he seeks injunctive relief that is unrelated to this lawsuit. This civil rights action involves physical assaults that allegedly occurred at the Berrien County Jail in 2008. These claims are separate and distinct from plaintiff's new allegation that since his transfer from the jail, unnamed Berrien County deputies or mailroom employees have interfered with his daily correspondence with a psychiatrist. While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally,"

3

an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945). *See, e.g, Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (where a plaintiff brought a *qui tam* action against the city and others for knowingly and improperly obtaining funds from several federal agencies for development or improvement of properties in minority-concentrated areas of city, the plaintiff's request for preliminary injunction against city ordinance allowing members of public to speak for only five minutes each at conclusion of city council meetings was properly denied because it was of a different character from relief sought and wholly unrelated to issues raised); *Atakpu v. Lawson*, No. 1:05-cv-524, 2006 WL 3803193 at *1-2 (S. D. Ohio Nov. 28, 2006) (the plaintiff prisoner's motion seeking injunctive relief for harassment and retaliation was denied as unrelated to the prisoner's complaint, which alleged denial of his constitutional rights for inadequate medical care; court agreed with the Magistrate Judge's statement that a "court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint"). Accordingly, plaintiff is not entitled to injunctive relief regarding the alleged interference with his correspondence.

### III. Censoring of mail by a prison guard (docket no. 47)

Plaintiff also seeks a court order to restrain a Michigan Department of Corrections (MDOC) guard (Jill Denman) at the Alger Correctional Facility who is allegedly censoring his legal mail. The alleged interference with plaintiff's mail by an MDOC employee involves a matter unrelated to the assault claims at issue in this action. *See De Beers Consolidated Mines*, 325 U.S. at 220; *Kaimowitz*, 122 F.3d at 43; *Atakpu*, 2006 WL 3803193 at *1-2 . Accordingly, plaintiff's

4

request for a preliminary injunction regarding Ms. Denman's alleged interference with his mail should be denied.

**IV. Recommendation**

Accordingly, I respectfully recommend that plaintiff's motions for injunctive relief (docket nos. 25 and 47) be **DENIED**.


Dated: November 20, 2009                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).