UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

       Plaintiff,

v.

       CASE NO. 1:08-CV-996

       HON. ROBERT J. JONKER

L. PAUL BAILEY, *et al.*,

       Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 77) and Plaintiff's Objections to the Report and Recommendation (docket ## 84, 85). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff's complaint alleges that other inmates assaulted him at the Berrien County Jail in March and June 2008 and names the Berrien County Sheriff, three jail officers and Berrien County as defendants. (Compl., docket # 1.) Plaintiff's motions for injunctive relief (docket ## 25, 47), which the Report and Recommendation addresses, do not concern the alleged assault. Plaintiff claims in the first motion that Berrien County deputies have blocked his access to "Berrien County psychiatrist Lynn Leggett," and he moves the court to restrain the deputies from interfering with his correspondence with the psychiatrist. (*see* docket # 25.) Plaintiff alleges in the second motion that an MDOC guard not a party in this lawsuit is censoring his mail, and he seeks a court order to restrain the guard. (*see* docket # 47.) In his Report and Recommendation, Magistrate Judge Brenneman recommends that Plaintiff's motions (docket ## 25, 47) be denied, because the motions deal with matters outside the issues in the suit. (docket #77.)

Plaintiff protests that the motion to restrain deputies from interfering with his communications with the psychiatrist (docket # 25) actually does relate to the issues in the lawsuit.[1] He alleges that he is being denied access to the psychiatrist in retaliation for filing this lawsuit. (docket ## 84, 85.) Plaintiff also points out that his complaint asserts that he was denied proper medical treatment in connection with the alleged assaults, and he reasons that because psychiatric care is a form of medical care, his request for injunctive relief regarding his communications with the psychiatrist is relevant to the underlying lawsuit. (*Id.*) Plaintiff's objections are unpersuasive.

---

[1] Plaintiff has not objected to the Magistrate Judge's recommendation that his motion concerning the alleged censoring of his mail (docket # 47) be denied.

Plaintiff's claims regarding interruptions in correspondence with the psychiatrist lie well beyond the scope of this lawsuit. His complaint centers on physical assaults he alleges occurred in 2008 and physical injuries he allegedly sustained, and his complaint never mentions mental health care. If Plaintiff wishes to pursue the retaliation theory his objections raise, he must do so in a separate lawsuit. Plaintiff may not receive injunctive relief on matters unrelated to the lawsuit. *See DeBeers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 77) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motions for injunctive relief (docket ## 25, 47) are **DENIED**.


Dated:  March 16, 2010           /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE