UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

               Plaintiff,

v.

L. PAUL BAILEY, *et al.*,

               Defendants.

_____/

Case No. 1:08-cv-996

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

This matter is now before the court on defendants' "motion for summary judgment pursuant to Fed.

R. Civ. P. 12(b)(6), (c), and/or 56(a)" (docket no. 125).

    **I.**      **Background**

Plaintiff's complaint names five defendants: Berrien County Sheriff L. Paul Bailey;

Deputy Stacey Ward; Deputy Corey Burks; Deputy Mata; and Berrien County, Michigan. *See*

Compl. (docket no.1). Plaintiff sets forth the following allegations in his complaint. Plaintiff is a

prisoner held by the Michigan Department of Corrections (MDOC), who was housed at the Berrien

County Jail for a period of time in 2008. *Id.* at ¶¶ V and VI. Plaintiff alleged that on or about March

29, 2008, he was physically assaulted by other inmates when he handcuffed and then placed in a

holding cell at the jail with four other inmates who were not in restraints. *Id.* at ¶ V. Plaintiff was

beaten in the face and kicked in the stomach. *Id.* Before being placed in the cell, plaintiff had

"verbally informed" the deputy on duty, Stacy Ward, of the substantial risk of being assaulted by

inmates Hurd and Bennett, and two other inmates whose names were unknown to him. *Id.* Deputy

Ward called plaintiff a coward and disregarded the risk.  *Id.*  The next day, plaintiff filed a grievance with defendant L. Paul Bailey, the Berrien County Sheriff, regarding Deputy Ward's failure to protect him from other inmates.  *Id.*  Plaintiff filed three grievances between April 1, 2008 and April 13, 2008, with Sheriff Bailey and the Jail Administrator, David Cochran.  *Id.*  Plaintiff also made "oral complaints" to defendant Deputy Corey Burks regarding the attack and his fear of another attack by jail inmates.  *Id.*  Due to his designation by MDOC as a "high security risk" prisoner, plaintiff requested that he be segregated when deputies removed inmates for cell searches.  *Id.*

Plaintiff was assaulted a second time on June 1, 2008, while he was confined to a holding cell in handcuffs with four other inmates.  *Id.*  Plaintiff suffered "a bloody lip, bloody front tooth, and extreme welling and pain to his right knee as a result of the assault."  *Id.*  Prior to the assault, plaintiff informed defendant Deputy Mata of the risk of physical harm if he was locked up with inmate Wynn, who had made serious threats to plaintiff a few hours before assault.  *Id.*  Deputy Mata did not take reasonable steps to protect plaintiff from inmate Wynn.  *Id.*

On June 1, 2008, plaintiff asked Deputy Mata for immediate medical attention for his injuries suffered in the assault.  *Id.*  However, plaintiff did not receive any medical care until 2 1/2 weeks after the assault.  *Id.*  Due to this delay in treatment, "plaintiff['s] wound became infected and developed into a permanent scar, his front tooth was fractured, and plaintiff's right knee made popping noises whenever he walked or exercised."  *Id.*  Plaintiff alleged that Berrien County Jail's medical staff showed deliberate indifference to him.  *Id.*

Plaintiff filed a grievance regarding the assault the next morning (June 2, 2008), advising both Deputy Burks and Sheriff Bailey of the second assault.  Plaintiff alleged that neither

2

Deputy Burks nor Sheriff Bailey took steps to correct the problem of placing handcuffed inmates in holding cells with other inmates.  *Id.*

Finally, plaintiff alleged that Berrien County had two  a policies which violated his rights.  First, the county had a policy of providing inadequate medical treatment to prisoners.  *Id.* Second, the county had "a policy of handcuffing 'high risk prisoners' and disregarding the risk that they could be physically assaulted by other prisoners as they are not separated and segregated from prisoners who are not in restraints."  *Id.*   Plaintiff seeks compensatory and punitive damages of at least $500,000.00 against Berrien County and the four individual defendants in their personal capacity.  *Id.* at ¶ VI.[1]

## II.      Failure to state a claim

Defendants have filed a combined dispositive motion which seeks "summary judgment" under Fed. Rules Civ. Proc. 12(b)(6), Fed. Rules Civ. Proc. 12(c), and Fed. Rules Civ. Proc. 56.   Initially, defendants seek dismissal because plaintiff's complaint "fails to set forth his claims with sufficient clarity."  Defendants' Brief at p. 9.  It would appear that this motion seeks dismissal under Fed. Rules Civ. Proc. 12(b)(6).[2]

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where

---

[1] The court notes that while defendants apparently seek dismissal of claims  brought against Sheriff Bailey in his official capacity, it is unnecessary to address this issue, because the complaint appears to seek relief against the Sheriff and deputies in their individual capacities only.

[2] While defendants cite Fed. R. Civ. P. 12(c) (judgment on the pleadings), neither their motion nor their brief seeks the relief provided under that rule.

a complaint pleads facts that are "merely consistent with" a defendant's liability, it
"stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).   In making this

determination, the complaint must be construed in the light most favorable to the plaintiff, and its

well-pleaded facts must be accepted as true.   *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12

(6th Cir. 1987).   "When a court is presented with a Rule 12(b)(6) motion, it may consider the

Complaint and any exhibits attached thereto, public records, items appearing in the record of the

case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the

Complaint and are central to the claims contained therein."   *Bassett v. National Collegiate Athletic

Association*, 528 F.3d 426, 430 (6th Cir. 2008).

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal

right of action against any person who, acting under color of state law, deprives an individual of any

right, privilege or immunity secured by the Constitution or federal laws.   *Burnett v. Grattan*, 468

U.S. 42, 45 n. 2 (1984);   *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).   To state a § 1983 claim,

a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws

of the United States, and (2) that the defendant deprived him of this federal right under color of law.

*Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

As an initial matter, defendants have presented inconsistent positions in their motion,

asking the court to characterize plaintiff as both a pre-trial detainee seeking relief for violation of

his due process rights under the Fourteenth Amendment (*see* Defendants' Brief at p. 9) and as a state

prisoner seeking relief under the Eighth Amendment for cruel and unusual punishment (see

Defendants' Brief at pp. 10-17).   Because plaintiff is a state prisoner, the Eighth Amendment's

prohibition against cruel and unusual punishment applies.   *See generally, Bell v. Wolfish*, 441 U.S.

520, 537 n. 16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment").

Defendants assert, without any elaboration, that plaintiff's claim should be dismissed under Fed. R. Civ. P. 8(a)(2) and 12(b)(6) because his "claims are so conclusory and so removed from the reality established by the Berrien County Jail records that they are of insufficient clarity to warrant further assessment by the court." Defendants' Brief at p. 9. Defendants  arguments do not establish a basis for relief under any of these court rules. Plaintiff's complaint falls within the pleading requirements of Fed. R. Civ. P. 8. Defendants' conclusory statements regarding the "clarity" of the complaint do not establish a basis for dismissal under Fed. R. Civ. P. 12(b)(6) . Nevertheless, the court concludes that two defendants, Deputy Burks and Sheriff Bailey, should be dismissed for failure to state a claim.

### A.     Deputy Burks

Plaintiff's only claim against Deputy Burks is that Burks failed to properly evaluate or process his grievances. A prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Correctional Medical Services*, 73 Fed. Appx. 839, 841 (6th Cir. 2003). *See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) (observing that the denial of an appeal of a grievance complaining of inadequate medical care is not the same as the actual denial of a request to receive medical care). Accordingly, Deputy Burks should be dismissed from this action.

### B. Sheriff Bailey

Plaintiff has alleged two claims against Sheriff Bailey. First, that the Sheriff failed to properly evaluate his grievances. Second, that the Sheriff was aware of plaintiff's situation as a high risk prisoner and should have prevented the second assault. As with Deputy Burks, plaintiff's claim that the Sheriff failed to evaluate grievances should be dismissed. *See Shehee*, 199 F.3d at 300; *Alder*, 73 Fed. Appx. at 841; *Martin*, 14 Fed. Appx. at 309. Plaintiff's remaining claim against the Sheriff is one of respondeat superior, i.e., that the Sheriff failed to act to prevent the assaults. It is well settled that a § 1983 action cannot be based on a theory of respondeat superior. *See Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691 (1978); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995). A supervisor's liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). In order to hold a supervisor liable under § 1983, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that Sheriff Bailey encouraged or directly participated in the incidents at issue in this lawsuit. Accordingly, Sheriff Bailey should be dismissed from this action.

### III. Summary Judgment

Defendants also seek summary judgment under Fed. R. Civ. P. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

While defendants have submitted documents in support of their motion for summary judgment, they have failed to present any affidavits or deposition testimony. *See* Fed. R. Civ. P. 56(c)(1). However, because plaintiff has not objected to the authenticity of the documents submitted by defendants, the court will consider those documents for purposes of resolving this motion. "If a

party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). *See* Fed. Rules Civ. Proc. 56(c)(2)("[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence").

### A.    Exhaustion Requirement

Defendants seek summary judgment on the ground that plaintiff failed to exhaust his grievances before filing this action. The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' " *Jones*, 549 U.S. at 218.

The Berrien County Jail's Inmate Rules and Regulations ("IR&R") provide the following guidelines with respect to filing grievances:

> <u>Grievances</u>.  Special complaints regarding deputies actions or grievances regarding disciplinary actions can be addressed by writing the jail operations lieutenant, jail

8

administrator, undersheriff or sheriff.  Action will be taken depending on the situation and circumstances of the grievance.

IR&R, ¶ 12, p.2 (docket no. 127-5).  Defendants state that the three documents attached to plaintiff's complaint as grievances were never received by the Berrien County Jail nor do they appear in any records kept in the regular course of business by the jail.  Defendants' Brief at p. 22.  However, defendants have failed to support their statements with any evidence in the form of an affidavit from the Berrien County Jail employee responsible for administering grievances at the jail or from any business record establishing that plaintiff failed to file grievances.  The only evidence presented by defendants is their Exhibit G, "Defendant L. Paul Bailey's Answers to plaintiff's request for production of documents under Rule 34" (docket no. 127-2).  This document does not address the filing of grievances.[3]  Accordingly, defendants are not entitled to summary judgment with respect to exhaustion.

### B.      Eighth Amendment violations

### 1.      Failure to protect

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  An Eighth Amendment violation may occur when prison guards fail to protect one inmate from an attack by another inmate.  *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990).  However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for

---

[3] The court notes that request no. 11 asks, "Provide any incident reports relating to Plaintiff's confrontation with 1K and 1L inmates from March to July 2008," to which defendant responds "There are none." Bailey's Answers (docket no. 127-2). Neither this request nor the answer addresses the issue of filing grievances or exhaustion of administrative remedies under the PLRA.

prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To establish an Eighth Amendment claim that a prison official failed to protect an inmate, the inmate must show that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). "To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294, *quoting Farmer*, 511 U.S. at 829, 847. Generally, an isolated or occasional attack is insufficient to state an Eighth Amendment claim. *See Stewart v. Love*, 696 F.2d 43, 44 (6th Cir. 1982).

### a.   Deputy Ward

Plaintiff's claim against Deputy Ward arises from the alleged assault of March 29, 2008. In her motion, Deputy Ward apparently contends that the alleged assault of March 29, 2008 did not occur.[4] As previously discussed, defendants have not presented affidavits in support of their motion seeking summary judgment. Rather, they rely on a "Shakedown Roster" which reflects that plaintiff was not subject to a cell search on that date and the absence of a medical record from that date indicating that plaintiff suffered an injury. *See* Shakedown Roster (docket no. 126-1 at p. 8); Medical Records (docket no. 126-3).

---

[4] While Deputy Ward seeks summary judgment on the alternative ground of qualified immunity, her brief does not address the issue of qualified immunity. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems this argument waived. The court further notes that such a defense is inconsistent with Deputy Ward's claim that the incident never occurred.

Neither party has explained the significance of the shakedown rosters, which contain only Dorm numbers and initials.  Lacking any further explanation by way of affidavit or deposition testimony, the shakedown rosters establish only that a shakedown of Dorm 1L occurred on March 30, 2008 and that a shakedown of Dorm 1K occurred on June 1, 2008.  *See* Shakedown Rosters (docket nos. 130-1 at p. 4; 130-3 at p. 4).  To the extent that Deputy Ward relies on the shakedown roster to establish that no attack occurred on March 29th, that reliance is unfounded.  Plaintiff has amended his complaint to reflect that the alleged attack actually occurred on March 30th.[5]

In opposition to defendants' motion, plaintiff presented evidence in the form of his declaration, in which plaintiff stated as follows.  He was physically assaulted by four inmates in a locked holding cell at the Berrien County Jail on March 30, 2008.  Plaintiff's Declaration at ¶ 1 (docket no. 135).  At that time, plaintiff was in restraints while the other inmates were not in restraints.  *Id.*  Defendants were aware that the inmates were planning to attack plaintiff, because he had warned them.  *Id.* at ¶ 4.  Defendants knew he was supposed to be segregated from other inmates under jail policy.  *Id.* at ¶¶ 5-6.  Kevin Coates stated in a declaration that he was designated as a high risk prisoner while incarcerated at the Berrien County Jail and that when deputies conducted cell searches, he was placed in the hallway while in handcuffs surrounded by other prisoners who were not in restraints.  Coates Aff. (docket no. 130-2).  Defendants did not file a reply or a rebuttal to either declaration.  The statements set forth in plaintiff's declaration would establish that defendants (which would included Deputy Ward), knew that other inmates were planning to attack plaintiff and that defendants exposed plaintiff to it by placing him in a restraints in a locked holding cell with the other inmates.

---

[5] The court has contemporaneously entered an order granting plaintiff's unopposed motion to amend.

Deputy Ward's argument that plaintiff had no medical records from March 29th or March 30th does not entitle her to summary judgment with respect to the alleged assault.  The lack of a medical record is not inconsistent with plaintiff's complaint, because he does not allege that the jail health care providers treated him after the assault of March 30th.

Viewing the evidence in the light most favorable to the non-movant, the court concludes that genuine issues of material fact exist with respect to whether plaintiff was assaulted on March 30, 2008 and whether Deputy Ward was aware of the risk posed by the other inmates and failed to take reasonable measures to avoid it.  Accordingly, Deputy Ward's motion for summary judgment should be denied.

### b.       Deputy Mata

Plaintiff's claim against Deputy Mata arises from the alleged assault of June 1, 2008. In his brief, Deputy Mata states that he did not work on that date.[6]  Mata relies on a document, dated February 25, 2009 and printed on the letterhead of the Berrien County Sheriff, which contains a  a List of Deputies Working 03-29-08" and a  "List of Deputies Working 06-01-08."  *See* docket no. 127-1 at p. 2.  Deputy Mata is not on that list.  *Id.*  This list is neither attached to an affidavit nor signed by the Sheriff.  *Id.*  While defendants do not identify this document, the court notes that the next exhibit attached to defendants' brief is a copy of "Defendant L. Paul Bailey's Answers to Plaintiff's Request for Production of Documents Under Rule 34" dated February 26, 2009 (docket no. 127-2).  It would appear that the list of deputies referred to above was the response to plaintiff's

---

[6] While Deputy Mata seeks summary judgment on the alternative ground of qualified immunity, his brief does not address the issue of qualified immunity.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to  .  .  .  put flesh on its bones."  *McPherson*, 125 F.3d at 995-96.  Accordingly, the court deems this argument waived.  The court further notes that such a defense is inconsistent with Deputy Mata's claim that the incident never occurred.

second request, i.e., "[a] list of all deputies who worked on 3-29-08 and 6-1-08." *Id.* Despite defendants' shortcomings in presenting this evidence, the court will consider it because plaintiff has waived any objection to it. *See Wiley*, 20 F.3d at 226; Fed. Rules Civ. Proc. 56(c)(2). However, even if the court accepts this document as evidence that Deputy Mata was not on duty on June 1, 2008, this document is contradicted by Deputy Mata's answer to an interrogatory in which the deputy admitted that he *was* working at the jail on June 1, 2008. *See* Defendant Juan Mata's Answers to Plaintiff's Set of Interrogatories (docket no. 130-3 at p. 2). Deputy Mata provides no other information on this matter other than stating that plaintiff's "medical records from this time are silent on the subject of assault." Defendants' Brief at p. 12.

In his declaration in opposition to the motion, plaintiff stated that he was physically assaulted by one inmate in a locked holding cell at the jail on June 1, 2008. Jackson Decl. at ¶ 2. At that time, plaintiff was in restraints while the other inmates were not in restraints. *Id.* Defendants were aware that the inmates were planning to attack plaintiff, because he had warned them. *Id.* at ¶ 4. Defendants knew he was supposed to be segregated from other inmates under jail policy. *Id.* at ¶¶ 5-6. In addition, plaintiff has presented the declaration of Jeffrey Moll, who stated that in either late May or the first of June 2008, he "witnessed Curtis Jackson being assaulted by inmate Wynn." Moll Decl. (docket no. 120-1 at p. 8). Moll stated that he was locked in a holding cell with plaintiff, inmate Wynn and two other prisoners; that a shakedown was going on in the dorm; and that plaintiff "was restrained in handcuffs and pacing around the cell when inmate Wynn punched him in the face and knocked him to the ground." *Id.* According to Moll, plaintiff "was bleeding from the mouth and limping" when the guards let him out and that plaintiff asked for

13

medical attention "but the guard did nothing." *Id.* Moll further stated that this was "not the first episode that Curtis Jackson was place [sic] in a cell with us while having on handcuffs." *Id.*

Plaintiff has submitted evidence that he was attacked while handcuffed in the holding cell on June 1, 2008, and that he warned defendants (which would include Deputy Mata) of the risk. Defendants have presented conflicting evidence with respect to whether Deputy Mata was at the jail that day. Viewing the evidence in the light most favorable to plaintiff, genuine issues of material fact exist with respect to whether Deputy Mata was present on June 1, 2008, whether plaintiff was assaulted by another inmate on that date, whether plaintiff warned him of the risk posed by inmate Wynn, and whether Deputy Mata disregarded that risk. Accordingly, Deputy Mata's motion for summary judgment should be denied.

### c. Berrien County

Plaintiff has alleged that Berrien County is liable for violating his constitutional rights. "[A] municipality may be held liable under § 1983 only where its policy or custom causes the constitutional violation in question." *Miller v. Calhoun County*, 408 F. 3d 803, 813 (6th Cir. 2005). "Municipal liability may attach for policies promulgated by the official vested with final policymaking authority for the municipality." *Id.* "Whether a given individual is such a 'policymaker' for purposes of § 1983 liability is a question of state law." *Id.* The County's liability under § 1983 must be based on more than respondeat superior, or the right to control employees. *See Monell*, 436 U.S. at 691, 694-95; *Shehee*, 199 F.3d at 300; *Hays v. Jefferson County, Ky.*, 668 F. 2d 869, 874-875 (6th Cir. 1982). A municipality can only act through its principal officials. *Hays*, 668 F.2d 869 at 875. For example, while a municipality cannot be liable for the acts of unidentified individual officers absent a policy or custom causing such conduct, the municipality may nonetheless

14

be liable for its police chief's failure to train, supervise or control employees.  *See id.  See Bartalone v. Berrien County*, 643 F. Supp. 574, 578-79 (W.D. Mich. 1986) (a plaintiff in a § 1983 action "must allege sufficient facts to establish the probable existence of the pattern, custom, or policy of which [he] complains.").

Plaintiff alleges that Berrien County has a policy which violates his Eighth Amendment rights:

> Berrien County has a policy of handcuffing high risk inmates and placing them in unsafe conditions that could result in physical harm or even death.  Prisoners on high-risk status are being placed in restraints and placed in cells with other non-risk prisoners who have no restraints, during cell searches.  Plaintiff asserted that these conditions are unsafe, unconstitutional policy which is continuing and resulted in violation of plaintiff's constitutional rights.

Plaintiff's Response (docket no. 130 at p. 4).

Neither party has presented evidence that the Berrien County Jail has a written policy to handcuff a high risk inmate and place him in a cell with other unrestrained inmates.  The issue is whether Berrien County has such an unwritten policy and whether this policy is unconstitutional.

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.  Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved.  But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (footnotes omitted).

Here, plaintiff has presented three instances of the commingling a restrained high risk inmate with a group of unrestrained inmates (i.e., two instances involving plaintiff and one instance involving inmate Moll).  Berrien County, through its counsel, admits in its supporting brief that it has a practice of handcuffing high risk inmates, stating that "[f]or purposes of safety, Berrien County

15

places high-risk inmates in restraints when removed from their cell to ensure the safety of the officials, as well as the safety of other inmates" and that in restraining plaintiff, its "officials were following a defined procedure for high-risk prisoners."  Defendants' Brief at pp. 18-19.  Defendants assert that the use of restraints on high risk inmates does not violate the constitutional rights of inmates.  While this may be true, defendants do not address the issue in this case of whether the policy of placing high-risk inmates in restraints violates the constitutional rights of those high-risk inmates when they are commingled with other, unrestrained inmates.  Other courts have recognized that such commingling could constitute deliberate indifference to the restrained inmate's safety in violation of that inmate's constitutional rights.  *See, e.g.*, *Glispy v. Raymond*, No. 06-14269-CIV, 2008 WL 5689930 at *7 (S.D. Fla. Nov. 19, 2008) ("[f]or purposes of this Report, it appears that there was an objectively substantial risk of serious harm to restrained inmates in general if they were commingled with inmates who were unrestrained"); *Kelly v. Miller*, 639 F Supp. 56, 58 (M.D. Pa. 1985) (in rejecting plaintiff inmate's Eighth Amendment claim that "he was restrained at times when he was accessible to unrestrained inmates" and "exposed to such pervasive danger as to constitute cruel and unusual punishment," the court noted that while plaintiff was placed in restraints, at all pertinent times he was escorted by no fewer than three prison guards and never assaulted).

Berrien County has admitted in its brief that it has a policy of restraining high-risk inmates such as plaintiff.  However, it does not address the constitutionality of this policy as it relates to plaintiff's claim of commingling a restrained inmate in a holding cell with unrestrained inmates.  Genuine issues of fact exists with respect as to whether Berrien County violated plaintiff's Eighth Amendment by failing to protect plaintiff from other inmates.  Accordingly, Berrien County's motion should be denied with respect to this claim.

### 2.      Inadequate medical care

It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97 (l976).   A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer*, 511 U.S. at 834.  A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind.  *Hudson*, 503 U.S. at 8.

The objective component requires the infliction of serious pain or failure to treat a serious medical condition.  *Id.* at 8-9.  With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Id.* at 8 (internal citations and quotation marks omitted).  Similarly, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*  at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).  To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Mere negligence in diagnosing or treating a medical condition

does not constitute an Eighth Amendment violation.  *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause."  *Whitley*, 475 U.S. at 319.

### a.    Deputy Mata

Plaintiff alleged that as a result of the June 1, 2008 assault, he suffered a bloody lip, bloody front tooth and extreme swelling and pain to his right knee.  Compl. at ¶ 4.  Plaintiff asked Deputy Mata for immediate medical attention, but did not receive any medical care until 2 1/2 weeks after the assault.  *Id.*  Defendants point out that plaintiff was on sick call 12 times during his five-month incarceration at the jail and that plaintiff did not mention any assault injuries when he was treated on June 12, 2008.  Defendants' Brief at pp. 12, 15-17; Plaintiff's Medical Records (docket no. 126-3).  However, defendants have not responded to plaintiff's claim that Deputy Mata failed to provide plaintiff with medical attention on June 1, 2008.

Furthermore, the medical records support plaintiff's claim that he was not seen by a health care provider immediately after the alleged June 1, 2008 assault.  The medical records, which are largely unintelligible, reflect that plaintiff's blood pressure was recorded on May 28, 29 and 30, 2008, and that was seen next on June 12, 2008.  *See* Plaintiff's Medical Records (docket no. 126-3 at p. 2-3).  Accordingly, to the extent that defendant Mata's motion  seeks summary judgment with respect to plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need, that motion should be denied.

### b.      Berrien County

Plaintiff's complaint appears to contain a general allegation that Berrien County had a policy of providing inadequate medical treatment to prisoners. *See* Compl. at ¶ V. As previously discussed, a municipality may be held liable under § 1983 only where its policy or custom causes the constitutional violation. *See Miller*, 408 F. 3d at 813. "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Contrary to plaintiff's allegations, the Berrien County Jail provided plaintiff with substantial healthcare treatment. Plaintiff's medical records reflect that he had contact with the jail's health care personnel on 12 occasions in 2008: March 14th, 11th, and 24th; April 3rd (twice), 8th, 10th, and 15th; May 12th, 19th , 21st, 27th, 28th, 29th and 30th; and June 12th. *See* Plaintiff's Medical Records (docket no. 126-3). While plaintiff has expressed his dissatisfaction with the health care provided by the Berrien County Jail, his general discontent cannot form the basis for a federal constitutional claim. The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). This action falls in the latter category. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id. See Owens v. Hutchinson*, 79 Fed. Appx. 159, 161 (6th Cir. 2003) ("[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim,

19

which is a tort actionable in state court, but is not cognizable as a federal constitutional claim"). *See also*, *Woodberry v. Simmons*, 146 Fed.Appx. 976, 977 (10th Cir. 2005) ("a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference").

Plaintiff has failed to demonstrate that the Berrien County Jail had a policy or custom to deliver health care in violation of the Eighth Amendment. On the contrary, the record reflects that plaintiff received medical treatment on numerous occasions during his incarceration at the Berrien County Jail. Plaintiff's dissatisfaction or disagreement with the treatment received does not form the basis for a federal constitutional claim. Accordingly, Berrien County is entitled to summary judgment with respect to plaintiff's claim that the health services at the county jail violated his Eighth Amendment rights.

### C.      Gross negligence

Finally, although defendants acknowledge that "[p]laintiff has not alleged, nor do the facts support, gross negligence," they nevertheless present arguments regarding a state law claim gross negligence and Michigan's Governmental Immunity Act. Defendants' Brief at pp. 20-21. Because plaintiff has not alleged gross negligence, that issue is not before the court. Defendants' motion should be denied to the extent they seek relief on this ground.

### IV.     Recommendation

For the reasons set forth above,

I respectfully recommend that defendants' motion for summary judgment (docket no. 125) be **GRANTED** as to all claims alleged against Sheriff Bailey and Deputy Burks;

I further recommend that the motion be **GRANTED** as to the Eighth Amendment claims for deliberate indifference to a serious medical need alleged against Berrien County;

I further recommend that the motion be **DENIED** as to the Eighth Amendment claims for deliberate indifference to a serious medical need alleged against Deputy Mata;

I further recommend that the motion be **DENIED** as to the Eighth Amendment claims for failure to protect alleged against Deputy Ward, Deputy Mata and Berrien County; and,

I further recommend that the motion be **DENIED** to the extent that defendants seek relief for claims of gross negligence (claims which are not alleged in this action).


Dated:  June 22, 2011                        /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).