UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

        Plaintiff,

                                  CASE NO. 1:08-CV-996

v.

                                  HON. ROBERT J. JONKER

L. PAUL BAILEY, *et al.*,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

        The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 143) and Plaintiff's Objections to the Report and Recommendation (docket # 145). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Defendants raise no objection to the Report and Recommendation. Plaintiff objects only to the Magistrate Judge's recommendation that the claims against Defendants Bailey and Burks be dismissed under FED. R. CIV. P. 12(b)(6). (Obj., docket # 145). The Magistrate Judge found Plaintiff's allegations insufficient to state a claim against Defendants Bailey and Burks for failure to protect under the Eighth Amendment. (Report and Recommendation, docket # 143, at 5-6.) He summarized Plaintiff's claims as (1) Defendant Burks failed to properly evaluate or process Plaintiff's grievances, and (2) Defendant Bailey failed to properly evaluate or process Plaintiff's grievances and was also liable on a theory of respondeat superior. (*Id.*) Plaintiff objects that the Magistrate Judge characterizes his claims too narrowly. (Obj., docket 145, at 2.) Plaintiff highlights his allegations that Defendants Bailey and Burks knew of the first assault but failed to take measures to prevent similar assaults from occurring in the future. (*Id.*) Plaintiff emphasizes that such an assault did occur in June of 2008. (*Id.*)

Plaintiff's objections are unavailing. Nowhere does he allege that Defendant Burks or Bailey was personally involved in either incident. Plaintiff's allegations reflect that these Defendants were involved only through the grievance process, after the fact in each instance. The Magistrate Judge correctly notes that a prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983 and that a § 1983 action cannot be based on a theory of respondeat superior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based

upon 'a mere failure to act.'" *Id.* (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Plaintiff alleges not active unconstitutional behavior, but only a failure to act, on the part of Defendants Burks and Bailey. This is not sufficient to state a claim under § 1983. *Id.* Plaintiff's claims against Defendants Burks and Bailey individually must be dismissed. To the extent their actions or inactions bear on the policy and practice claim still in the case, Plaintiff will be able to address that as the case proceeds against Berrien County.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 143) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 125) is **GRANTED** as to all claims alleged against Sheriff Bailey and Deputy Burks. Defendants Bailey and Burks are **TERMINATED** the case.

**IT IS FURTHER ORDERED** that the motion (docket # 125) is **GRANTED** as to the Eighth Amendment claims for deliberate indifference to a serious medical need alleged against Berrien County.

**IT IS FURTHER ORDERED** that the motion (docket # 125) is **DENIED** as to the Eighth Amendment claims for deliberate indifference to a serious medical need alleged against Deputy Mata.

**IT IS FURTHER ORDERED** that the motion (docket # 125) is **DENIED** as to the Eighth Amendment claims for failure to protect alleged against Deputy Ward, Deputy Mata, and Berrien County.

**IT IS FURTHER ORDERED** that the motion (docket # 125) is **DENIED** to the extent that Defendants seek relief for claims of gross negligence (claims which are not alleged in this action).

Dated:    September 20, 2011            /s/ Robert J. Jonker
                                                                          ROBERT J. JONKER
                                                                          UNITED STATES DISTRICT JUDGE