UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

        Plaintiff,

Case No. 1:08-cv-996

Hon. Robert J. Jonker

vs.

STACEY WARD, *et al.*,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO PRODUCE AND LIFTING STAY**

Plaintiff seeks to obtain new copies of documents which he claims were confiscated by Michigan Department of Corrections (MDOC) employees. As explained in previous orders, when plaintiff's *pro bono* counsel withdrew, counsel possessed copies of documents which were subject to a protective order and which plaintiff could not possess while incarcerated at the MDOC. Counsel's copies of documents subject to the protective order were deposited with the Court. In an order entered on March 10, 2015, the Court set forth a framework to allow plaintiff to obtain copies of those documents which he claims were confiscated by the MDOC and which he could possess while incarcerated at the MDOC:

> As a general matter, plaintiff should have access to information sent to him by his former counsel subject to three conditions. First, plaintiff must file a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 providing a detailed explanation of which legal documents related to this litigation were confiscated, which legal documents related to this litigation were destroyed, and which legal documents related to this litigation are in plaintiff's possession. Second, upon receipt of an appropriate declaration, the Court will send plaintiff copies of legal documents which his counsel had provided to him but which plaintiff no longer has in his possession. However, plaintiff will not be sent any documents which contain personal information of any individual. This restriction includes lists of names, lists of addresses, and copies of maps delivered to plaintiff by his previous counsel. Third, copies of all documents sent to plaintiff will be filed in this action

> and sealed. Accordingly, plaintiff's motion to produce documents (docket no. 326) is **GRANTED** in part. Plaintiff's shall file the declaration regarding the loss of his documents within **14 days** of the entry of this order.

Order (docket no. 356 at pp. ID## 2204-05). The Court stayed this matter pending receipt of this declaration and the submission of records to plaintiff. *See* Order to stay proceedings (docket no. 357).[1] Plaintiff has failed to submit the declaration as directed by the Court. Accordingly,

    **IT IS ORDERED** that plaintiff's motion to produce (docket no. 326) is **DENIED** in its entirety.

    **IT IS FURTHER ORDERED** that the stay entered on March 10, 2015 is lifted and the Clerk is directed to **REOPEN** this action. The parties are advised that the Court will address defendants' motion to dismiss and for summary judgment (docket no. 333) based on the existing record.

Dated: May 21, 2015                                 /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge

---

[1] The Court notes that the order to stay proceedings (docket no. 357) was returned to this Court as undeliverable and re-sent to plaintiff on March 23, 2015.